# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1076-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

R.S.,

    Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided January 15, 2019

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 12-12-1559.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an August 4, 2017 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

I.

In 2001, defendant was arrested based on a reported sexual encounter with a then-fourteen-year-old victim, K.J. At the time of the alleged encounter defendant was twenty-nine years old. During the ensuing investigation, defendant gave a statement to law enforcement officers and admitted that he had sexual intercourse and oral sex with K.J. A grand jury indicted defendant for two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(4), and one count of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Thereafter, the charges against defendant have been the subject of numerous proceedings and appeals.

In October 2002, defendant pled guilty to third-degree endangering the welfare of a child, and he was sentenced to five years of incarceration to be served at the Adult Diagnostic Treatment Center. Defendant appealed that sentence, but we affirmed. State v. [R.S.], No. A-5762-03 (App. Div. Dec. 17, 2004).

Following the completion of his prison sentence, defendant was civilly committed under the Sexually Violent Predator Act (SVPA), N.J.S.A.

30:4-27.24 to -27.38.  Defendant appealed that civil commitment, but we affirmed.  In re Civil Commitment of R.S., No. A-4609-06 (App. Div. Dec. 12, 2008).  The Supreme Court denied certification.  198 N.J. 317 (2009).[1]

In February 2007, defendant filed a petition for PCR, arguing that he did not knowingly and voluntarily plead guilty because he was not advised that his conviction could subject him to the potential of lifetime civil commitment under the SVPA.  The PCR court denied that petition, but we remanded for an evidentiary hearing.  State v. R.S., No. A-0161-09 (App. Div. Apr. 1, 2011).  Following the evidentiary hearing, we again reviewed the matter and held that defendant was entitled to withdraw his guilty plea because he had not been advised of the potential for indefinite civil commitment.  State v. R.S., No. A-0161-09 (App. Div. July 16, 2012).

Thereafter, in December 2012, a grand jury indicted defendant on three counts of second-degree sexual assault against K.J., and one count of third-degree endangering the welfare of a child.  Defendant filed a motion to suppress the statement he had given in 2001.  The trial court conducted an evidentiary hearing on the motion to suppress.

---

[1] Defendant also appealed a subsequent order continuing his civil commitment, which we also affirmed.  In re Civil Commitment of R.S., No. A-2174-12 (App. Div. Aug. 7, 2014).

A-1076-17T4

At that hearing, three witnesses testified: one of the detectives who interviewed defendant in 2001; Dr. James Reynolds, a psychiatrist who assessed defendant's intellectual capacity and opined about his ability to understand and appreciate the rights he waived; and defendant. The court also listened to defendant's audio-recorded statement and reviewed a Miranda[2] warnings card defendant had signed. The court then found that defendant had knowingly, voluntarily, and "competently" waived his Miranda rights and denied the motion to suppress his statement.

In 2013, the matter proceeded to trial. As part of its evidence, the State played the audio-recording of defendant's statement given in 2001. Defendant elected not to testify at trial and he did not call any witnesses. Accordingly, Dr. Reynolds did not testify at trial. After hearing all of the evidence, a jury convicted defendant of three counts of second-degree sexual assault and one count of third-degree endangering the welfare of a child.

Thereafter, the court sentenced defendant to time already served because defendant had served more than ten years in prison, which was the maximum sentence the court could have imposed for a second-degree conviction. In that regard, the sentencing court explained that it was running the sentences for all

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

A-1076-17T4

of defendant's convictions concurrent to each other.  In the judgment of conviction, the court also stated that "[d]efendant is and shall remain civilly committed."

Defendant filed a direct appeal of his convictions resulting from the jury trial.  On that appeal, defendant made only one argument.  He contended that his motion to suppress his statement should have been granted because he did not knowingly, voluntarily, and intelligently waive his right to remain silent.  State v. R.S., No. A-3734-13 (App. Div. Nov. 30, 2015) (slip op. at 4), certif. denied, 224 N.J. 282 (2016).  We rejected that argument and affirmed.  Ibid.

In April 2016, defendant filed the petition for PCR that is the subject of this appeal.  He was assigned counsel and granted an evidentiary hearing.  Before the PCR court, defendant contended that his trial counsel had been ineffective in a number of ways, including in (1) failing to call Dr. Reynolds to testify at trial; (2) not objecting to the jury not being wholly constituted when conducting deliberations; and (3) not timely objecting to the makeup of the jury.  Defendant also argued that his sentence was illegal because he was sentenced to "remain civilly committed."

At the PCR evidentiary hearing, Dr. Reynolds and defendant's trial counsel testified.  Trial counsel explained that she had made a strategic decision

not to call Dr. Reynolds because Dr. Reynolds could not definitively state that defendant lacked the intellectual capacity to give a voluntary waiver of his rights. Accordingly, trial counsel explained that she believed that Dr. Reynolds's testimony would have done more harm than good.

The PCR court denied defendant's petition and issued a written opinion and order on August 4, 2017. The court found that trial counsel was not ineffective in not calling Dr. Reynolds as a witness at trial because that was a valid trial strategy. In that regard, the court reasoned that Dr. Reynolds was unable to provide an expert opinion on whether defendant understood the Miranda warnings and that was a valid reason for trial counsel not to call him.

The PCR court also reasoned that trial counsel's failure to object to the jury not being wholly constituted and to the makeup of the jury were not appropriate issues to be raised on a PCR petition and should have been raised on direct appeal. Furthermore, the PCR court determined that defendant could not raise an argument about an illegal sentence on a PCR petition and that issue needed to be raised as a separate motion. Finally, the PCR court found that all of defendant's remaining arguments lacked a factual basis, or were based on unsupported contentions, and, therefore, failed to make a prima facie showing of ineffective assistance of counsel.

6

II.

On this appeal, defendant challenges the denial of his petition for PCR and makes three arguments. He articulates his arguments as follows:

> POINT I – THE TRIAL COURT ERRED IN DENYING DEFENDANT'S APPLICATION FOR POST-CONVICTION RELIEF BECAUSE DEFENSE COUNSEL'S FAILURE TO CALL DR. REYNOLDS AS A WITNESS IN THE TRIAL WAS NOT TRIAL STRATEGY, IT WAS INEFFECTIVE ASSISTANCE OF COUNSEL.
>
> POINT II – THE TRIAL COURT ERRED IN ITS DETERMINATION THAT THE TRIAL COUNSEL'S FAILURE TO OBJECT WHEN THE JURY WAS NOT WHOLLY CONSTITUTED DURING JURY DELIBERATIONS AND FAILURE TO OBJECT TO THE MAKE-UP OF THE JURY COULD NOT BE ADDRESSED IN PETITIONS FOR POST-CONVICTION RELIEF.
>
> POINT III – THE TRIAL COURT ERRED IN ITS DETERMINATION THAT POST-CONVICTION RELIEF WAS NOT THE APPROPRIATE FORUM TO CHALLENGE A JUDGMENT OF CONVICTION TO CORRECT AN ILLEGAL SENTENCE.

We are not persuaded by any of these arguments and we affirm.

We use a deferential standard of review on an appeal of a denial of a PCR petition following an evidentiary hearing. State v. Pierre, 223 N.J. 560, 576 (2015). Accordingly, the factual findings made by a PCR court following an evidentiary hearing will be accepted if they are based on "sufficient credible

7

evidence in the record." Ibid. (quoting State v. Nash, 212 N.J. 518, 540 (2013)). Legal conclusions are reviewed de novo. Id. at 576-77 (quoting Nash, 212 N.J. at 540-41).

A PCR petition is cognizable if based on "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a). A defendant may be deprived of his or her constitutional right to counsel if representation was inadequate. See U.S. Const. amend. VI; N.J. Const. art. I, ¶ 10. To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987).

Under that test, a defendant must prove (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58. A defendant must make those showings by presenting more than "bald assertions" that he or she was denied the effective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

As to the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]
>
> [Ibid.]

Furthermore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable[.]" Id. at 690. "[A] defense attorney's decision concerning which witnesses to call to the stand is 'an art,' and a court's review of such a decision should be 'highly deferential.'" State v. Arthur, 184 N.J. 307, 321 (2005) (citations omitted) (quoting Strickland, 466 U.S. at 689, 693).

As to the second prong, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, 466 U.S. at 691. Thus, to be successful on the second prong, defendant must show a reasonable probability that, but for counsel's errors, the outcome of his trial

would have been different; "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. That requirement, moreover, is "an exacting standard." State v. Allegro, 193 N.J. 352, 367 (2008).

Guided by these legal standards, we turn to defendant's arguments. Defendant first argues that his trial counsel was ineffective in not calling Dr. Reynolds to testify at trial. After hearing testimony from both Dr. Reynolds and defendant's trial counsel, the PCR court found that trial counsel had made a valid strategic decision not to call Dr. Reynolds. That finding is amply supported by substantial, credible evidence presented at the evidentiary hearing.

Second, defendant argues that his trial counsel was ineffective in not objecting when the jury was not wholly constituted during deliberations and in failing to make a timely objection to the makeup of the jury. The PCR court held that those issues should have been raised on direct appeal and, therefore, they were procedurally barred. We agree, but we also point out that substantively, defendant's arguments lack merit.

A claim for PCR is typically barred where the ground for relief was not raised in "the proceedings resulting in the conviction, or . . . in any appeal taken in any such proceedings." R. 3:22-4(a). If a court finds that the ground for relief "could not reasonably have been raised in any prior proceeding," that

"enforcement of the bar . . . would result in fundamental injustice," or that a new rule of state or federal constitutional law requires relief, then a defendant's claim may be cognizable. R. 3:22-4(a)(1) to (3); see also Nash, 212 N.J. at 546-47 (describing the circumstances under which the bar will not be enforced by a court).

Defendant alleges that "the actual time that the jury deliberated as a whole constituted jury is unclear from the record." He then argues that there was only a short period of time during which the jury deliberated. Finally, he contends that the jury did not take sufficient time to deliberate as a wholly constituted jury. That contention concerning the time the jury deliberated could have been raised on a direct appeal. Asserting that trial counsel was ineffective in failing to object does not make it a new argument that can now be raised as a ground for PCR. Moreover, even considering the issue within the framework of Strickland, the contention about the jury deliberation is based on speculation and constitutes nothing more than a "bald assertion" that is not supported by the record. See Cummings, 321 N.J. Super. at 170.

Defendant also argues that his trial counsel was ineffective in not making a timely objection to the makeup of the jury. Defendant was Caucasian and he argues that the jury was made up entirely of people who were African-American,

except for the alternates. Again, the argument about the makeup of the jury could have been raised on direct appeal, but was not. Furthermore, the only evidence in the record concerning the racial makeup of the jury suggests that four out of the twelve jurors were African-American. Therefore, the record demonstrates that defendant's attorney was not ineffective because there was no legitimate basis to challenge the composition of the jury.

Finally, defendant argues that his sentence was illegal because he was sentenced to continue his civil commitment. An illegal sentence may be grounds for PCR where it "exceeds the maximum penalty provided in the Code for a particular offense" or it is "not imposed in accordance with law." State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)); see also R. 3:22-2(c).

Here, defendant's claim that his sentence is illegal lacks merit. Defendant was civilly committed pursuant to the SVPA before his criminal trial. After his criminal trial, the court sentenced defendant to time served and ordered that defendant's civil commitment would continue. Defendant contends that that sentence could result in an indefinite civil commitment. That contention is without merit. There is no indication in the record that the sentencing court's

intent was to extend defendant's civil commitment beyond what the existing civil commitment order contemplated.

Even if defendant's judgment of conviction was interpreted to be an order continuing defendant's civil commitment, that commitment could not be indefinite. Under the SVPA, defendant is entitled to annual review of his civil commitment, see N.J.S.A. 30:4-27.35, and nothing in his judgment of conviction can be construed to prevent that annual review. Thus, defendant's sentence returning him to civil commitment until his next review is not illegal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION